**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:06-CV-00305 |
| v. | ) ) ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMAND** |
| S.G.T. CINELLI'S, INC., d/b/a CINELLI'S RESTAURANT | ) ) ) | |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Meghan C. O'Connell, and a class of similarly situated women including Brittany McLaurin, who were adversely affected by the practices. Specifically, Plaintiff Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant S.G.T Cinelli's Inc., d/b/a Cinelli's Restaurant (the "Defendant") subjected Meghan C. O'Connell, and a class of similarly situated women including Brittany McLaurin, to a sexually hostile work environment. The Commission further alleges that Defendant constructively discharged Brittany McLaurin, and other similarly situated women as a result of the harassment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in part within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, S.G.T. Cinelli's Inc., d/b/a Cinelli's Restaurant has continuously been doing business in the State of North Carolina and in the City of Cary, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant S.G.T. Cinelli's Inc., d/b/a Cinelli's Restaurant has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Meghan C. O'Connell filed charges with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around September 2003 until at least March 2004, Defendant engaged in unlawful employment practices in and around Cary, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

a. Defendant subjected Meghan C. O'Connell and a class of similarly situated women including Brittany McLaurin to sexual harassment and a sexually hostile work environment based on their sex, female. The harassment included, but was not limited to, unwelcome sexual comments and gestures, as well as touching such as hugging, kissing and biting the women's buttocks. The harassment was perpetrated by one of Defendant's managers who was in the women's direct line of supervision.

b. Defendant constructively discharged Brittany McLaurin and a class of similarly situated women, by maintaining a sexually hostile work environment that was so intolerable that a reasonable person would have resigned, and by failing to take appropriate action to prevent and stop the harassment.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Meghan C. O'Connel, and a class of similarly situated women including Brittany McLaurin of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Meghan C. O'Connell, and a class of similarly situated women including Brittany McLaurin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from creating or maintaining a sexually hostile work environment or any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Brittany McLaurin and a class of similarly situated women by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Meghan C. O'Connell, and a class of similarly situated women including Brittany McLaurin, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Meghan C. O'Connell, and a class of similarly situated women including Brittany McLaurin, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Meghan C. O'Connell, and a class of similarly situated women including Brittany McLaurin, punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 3rd day of August 2006.

        Respectfully submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        /s/ Lynette A Barnes
        LYNETTE A. BARNES (N.C. Bar No. 19732)
        Regional Attorney
        Lynette.Barnes@eeoc.gov

        TINA BURNSIDE
        Supervisory Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        129 W. Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Tel. 704.344.6878
        Fax. 704.344.6780
        Tina.Burnside@eeoc.gov

        /s/ Kerith Cohen
        KERITH COHEN (Va. Bar No. 39069)
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Raleigh Area Office
        1309 Annapolis Drive
        Raleigh, North Carolina 27608-2129
        Telephone: 919.856.4148
        Facsimile: 919.956.4156
        Kerith.Cohen@eeoc.gov